UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHRISTOPHER L. CLARK BEY, )
    Petitioner, )
  )
v. ) No. 3:20-CV-413-RLJ-HBG
  )
BERT BOYD, )
    Respondent. )

## MEMORANDUM OPINION

Petitioner, a prisoner of the Tennessee Department of Correction, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his June 5, 2019 conviction for first degree murder in Knox County [Doc. 2]. Respondent has filed a motion to dismiss the petition due to Petitioner's failure to exhaust his available state court remedies [Doc. 6], a memorandum in support thereof [Doc. 7], and relevant portions of the state court record [Doc. 5-1]. Petitioner filed a response in opposition [Doc. 8] and portions of the state court record [Docs. 8-1 and 9]. For the reasons set forth below, Respondent's motion to dismiss the petition due to Petitioner's failure to exhaust his available state court remedies [Doc. 6] will be **GRANTED** and this action will be **DISMISSED.**

A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition generally must be

dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178–79 (2001) (providing that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment."). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). However, an exception to the exhaustion requirement exists where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Respondent has presented evidence that Petitioner's underlying criminal proceedings in the criminal court for Knox County, Tennessee are ongoing, as Petitioner's motion for a new trial is pending in that court [Doc. 5-1 p. 112–114]. However, in his response to Respondent's motion to dismiss, Petitioner generally asserts that there is an absence of available process for him to obtain relief for an unspecified claim in the state courts, that any available process for this claim cannot protect his rights, and that if the Court does not address this claim, it will result in a miscarriage of justice [Doc. 8 p. 1], and further argues that the Court should excuse his procedural default of claims [*Id.* at 1–4].

But Petitioner's response does not provide any support for a finding that Tennessee does not provide corrective process for his claims, but rather alleges improprieties in the criminal proceedings against him that he may pursue through appeal [*Id.*], which the record establishes that he has not done. Thus, as the record establishes that Petitioner has not provided all levels of the Tennessee state courts a "fair opportunity" to address his claims for relief from his criminal

2

convictions despite the availability of state corrective process, Respondent's motion to dismiss [Doc. 6] will be **GRANTED** and this action will be **DISMISSED without prejudice**.

Thus, the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects a habeas corpus petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurors would not debate the Court's procedural ruling that Petitioner has not exhausted his available state court remedies for his claims for § 2254 relief, a COA will not issue.

Accordingly, for the reasons set forth above:

1. Respondent's motion to dismiss the petition due to Petitioner's failure to exhaust his available state court remedies [Doc. 6] will be **GRANTED**;

2. This action will be **DISMISSED**;

3. A COA will not issue; and

4. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge